UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA CARAG, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARNES & NOBLE, INC., a Delaware corporation; BARNES & NOBLE BOOKSELLERS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:15-cv-00115-KJM-CKD<br><br>ORDER |

This matter is before the court on plaintiff Cassandra Carag's motion to remand. (ECF No. 6.) Defendants Barnes & Noble, Inc. and Barnes & Noble Booksellers, Inc. (collectively, defendants) oppose the motion. (ECF No. 7.) Under Federal Rule of Civil Procedure 78, the court found the motion appropriate for decision without oral argument, and now, for the reasons that follow, GRANTS it. The matter is REMANDED to the Sacramento County Superior Court.

I.  INTRODUCTION

Plaintiff commenced this putative class action in the Sacramento County Superior Court on November 27, 2013, alleging various violations of the California Labor and Business

1

and Professions Codes.  (*See generally* ECF No. 1-1.)  Plaintiff worked for defendants as an hourly, non-exempt employee from approximately May 2002 through April 2012.  (*Id.* ¶ 19.)  Defendants operate a chain of retail bookstores.  The complaint defines the proposed class as follows:

> All current and former California-based (currently residing in California with the intent to reside in California indefinitely) hourly-paid or non-exempt individuals employed by any of the [d]efendants at a 'Barnes & Noble' store located within the State of California at any time during the period from four years preceding the filing of this [c]omplaint to final judgment.

(ECF No. 1-1 ¶ 14.)

On February 13, 2014, defendants removed the action to this district, asserting jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).  (ECF No. 1-2, Ex. A.)  After that case, 2:14-cv-00481-JAM-DAD, was assigned to another district judge of this court (ECF No. 1-3, Ex. 1), plaintiff moved to remand it. (ECF No. 1 at 2).  The judge granted plaintiff's motion on May 30, 2014 (ECF No. 1-15, Ex. A), concluding as follows:

> Defendants have failed to provide a reasonable calculation of the amount in controversy that is based on competent evidence. The estimated damage calculations provided by Defendants are unsupported by the Complaint or . . . declarations and are thus speculative and self-serving.

(*Id.* at 12.)

On January 14, 2015, defendants again removed the action to this court, invoking CAFA. (ECF No. 1.)  Defendants now argue the judge in the previously removed case applied an evidentiary standard, which "was effectively rejected" in a recent Supreme Court case, *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547 (2014), and in two subsequent Ninth Circuit decisions, *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200 (9th Cir. 2015) and *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015).  Plaintiff filed a motion to remand on February 13, 2015, arguing defendants' removal is untimely and the calculation of the amount in controversy is based on "speculation and conjecture."  (*See generally* ECF No. 6.)  Defendants opposed the motion (ECF No. 7), and plaintiff replied (ECF No. 8).

/////

II.     APPLICABLE LEGAL STANDARD

The removal statute provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a federal district court.  28 U.S.C. § 1441(a).  CAFA vests federal district courts with original jurisdiction over civil cases where: (1) the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs; (2) the aggregate number of proposed plaintiffs is 100 or greater; and (3) there is minimal diversity.  28 U.S.C. § 1332(d) (2), (d)(5)(B).

"Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court[,]" and it "intended CAFA to be interpreted expansively."  *Ibarra*, 775 F.3d at 1197.  While generally courts "strictly construe the removal statute against removal jurisdiction" and apply a "strong presumption against removal," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), "no antiremoval presumption attends cases invoking CAFA."  *Owens*, 135 S. Ct. at 554 (citing S. Rep. No. 109–14, p.43 (2005) (CAFA's "provisions should be read broadly with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant")).  In addition, the 30-day periods set out in 28 U.S.C. § 1446 are not exclusive periods for removal.  *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124–25 (9th Cir. 2013).  Rather, "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA . . . ."  *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1180 (9th Cir. 2015).  For example, it can ascertain removability based on intervening case law.  *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

Yet "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  That is, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged."  *Ibarra*, 775 F.3d at 1197.  The defendant may accomplish this showing by submitting evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Id.*

3

(internal quotation marks omitted). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

Here, the parties do not dispute CAFA's requirements of minimum diversity and class numerosity; rather, the parties' dispute is over the appropriateness of defendants' successive removal and the amount in controversy requirement. Because the court concludes that defendants' successive removal is unjustified, it need not decide whether the amount in controversy requirement is met.

III.   DISCUSSION

Plaintiffs argue defendants' removal is untimely because the case was not removed within the thirty-day window as required under 28 U.S.C. § 1446(b), and defendants' removal "relies on precisely the same evidence as [d]efendants' . . . first attempt at removal . . . ." (ECF No. 6 at 12.) Furthermore, plaintiff argues, "[n]o change to the pleading has occurred to re-start the [thirty-day] time period . . . ." (*Id.*)

Defendants counter "a change in the law presents new and different grounds for removal." (ECF No. 1 at 5.) Defendants seem to concede that their removal is not based on new evidence. (*See* ECF No. 7 at 15 ("[P]laintiff incorrectly suggests [defendants'] removal is based on 'new evidence.'").) Rather, defendants' removal is based on "new and binding decisional law that overturned the rational for the first remand . . . ." (*Id.*)

As a general rule, "once a district court has remanded a case, a defendant . . . may not remove the case to federal court a second time." *Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of California*, No. 12-1071, 2012 WL 3638506, at *3 (E.D. Cal. Aug. 22, 2012). "Stated differently, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." *Leon v. Gordon Trucking, Inc.*, No. 14-06574, 2014 WL 7447701, at *4 (C.D. Cal. Dec. 31, 2014). That general rule, however, does not apply "when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (internal quotation marks omitted, emphases in original). "[A]bsent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court

4

previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." *Leon*, 2014 WL 7447701, at *4. A Supreme Court or Ninth Circuit decision on point is "a relevant change of circumstances . . . justify[ing] a . . . successive, good faith petition for removal." *Rea*, 742 F.3d at 1238 (internal quotation marks omitted, alteration in original); *see also Goodman v. Wells Fargo Bank, N.A.*, No. 15-55524, __ Fed. App'x __, 2015 WL 2193443, at *1 (9th Cir. May 12, 2015).

Here, because the first remand was not on "grounds that subsequently became incorrect," defendants' successive removal is impermissible. *See Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). As noted above, defendants cite to *Owens*, 135 S. Ct. at 547; *LaCross*, 775 F.3d at 1200; and *Ibarra*, 775 F.3d at 1193, and argue those cases changed the standard that should be applied in an order to remand. The examination of those cases, however, indicates no "relevant change of circumstances." *Ibarra*, 775 F.3d at 1202. Therefore, defendants' successive removal is unjustified.

In *Owens*, "the single question" before the Supreme Court was whether to "assert the amount in controversy adequately in the removal notice" it suffices "to allege the requisite amount plausibly," or whether a defendant must "incorporate into the notice of removal evidence supporting the allegation." 135 S. Ct. at 551. In answering that question, the Supreme Court held, "A statement short and plain need not contain evidentiary submissions." *Id.* The *Owens* decision did not change the burden of proof that applies when a defendant's "assertion of the amount in controversy is challenged": "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. In sum, the Supreme Court held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

Two subsequent Ninth Circuit cases are in accord with the holding in *Owens*. In *Ibarra*, the question before the court was "what proof a defendant seeking removal must produce to prove the amount-in-controversy requirement under . . . [CAFA], when the complaint does not

5

include a facially apparent amount in controversy or the plaintiff may have understated the true amount in controversy." 775 F.3d at 1195. There, the named plaintiff filed a putative class action in state court against his former employer, alleging various violations under the California Labor and Business and Professions Codes. *Id.* at 1196. The defendant removed the action, and the district court remanded the case, finding the defendant had not proven to a legal certainty that the amount in controversy exceeded $5 million. *Id.* After the Ninth Circuit decided *Rodriguez*, 728 F.3d at 975, in which it held the proper burden of proof imposed on a defendant was the preponderance of the evidence standard, the district court again considered the amount in controversy question. *Id.* at 1196. The district court found the defendant had not met its burden. *Id.*

The Ninth Circuit began its discussion in *Ibarra* by citing to *Owens* and noting that, "[w]hether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.* at 1197. That rule, the court held, "is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million." *Id.* The court further held:

> The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal. Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.

*Id.* (internal citation and quotation marks omitted).

The Ninth Circuit, in interpreting the *Owens* decision, reiterated as follows: "When the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Id.* at 1198. "Evidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* at 1199. Furthermore, "[u]nder the preponderance of the evidence standard, if the

1 evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court
2 jurisdiction." *Id.* After discussing the applicable legal standard, the court remanded the case to
3 the district court "to allow both parties to submit evidence related to the contested amount in
4 controversy." *Id.* The Ninth Circuit held: "We remand on an open record for both sides to
5 submit proof related to the disputed amount in controversy, and the district court must then
6 determine if a preponderance of the evidence shows that the amount in controversy exceeds
7 $5 million . . . ." *Id.* (internal citation omitted).

8 Finally, in the third case defendants cite, *LaCross*, the Ninth Court applied the
9 reasoning of *Ibarra* and held defendants had met their burden of proof. 775 F.3d at 1201. The
10 court began its analysis by reiterating its holding in *Ibarra*: "[W]hen the defendant relies on a
11 chain of reasoning that includes assumptions to satisfy its burden to prove by preponderance of
12 the evidence that the amount in controversy exceeds $5 million, the chain of reasoning and its
13 underlying assumptions must be reasonable." *Id.* In *LaCross*, the named plaintiffs filed a
14 putative class action against the defendant in state court, alleging various labor law violations. *Id.*
15 at 1201. The defendant removed the case to federal court, estimating the amount in controversy
16 to be over $5 million. *Id.* The plaintiffs filed a motion to remand, and the district court granted
17 the motion, finding the defendant had not met its burden of proof to establish the amount in
18 controversy because its calculations were based on a flawed assumption. *Id.* The Ninth Circuit
19 reversed and remanded the case, finding the defendant had produced sufficient evidence to meet
20 its burden and its underlying assumptions were reasonable. *Id.* at 1203.

21 In the instant case, the previous judge's order expressly addressed the question
22 whether defendants had met the preponderance of the evidence standard in arguing the amount in
23 controversy is met. (Order at 12, ECF No. 11, Case No. 14-00481.) In addressing that question,
24 the judge reasoned that defendants "failed to provide a reasonable calculation of the amount in
25 controversy . . . []": "The estimated damage calculations provided by Defendants . . . are . . .
26 speculative and self-serving." (*Id.*) Because the examination of the cases as set forth above
27 shows that the judge applied the same principles articulated in those cases, defendants' successive
28 /////

removal is unjustified as there is no "relevant change of circumstances[,]" *Ibarra*, 775 F.3d at 1202.

IV.     CONCLUSION

For the foregoing reasons, the court REMANDS this case to the Sacramento County Superior Court.  This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED:  June 10, 2015.

_____
UNITED STATES DISTRICT JUDGE